UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7

DOUGLAS FILARDO                                                  Case No: 23-71732-reg
a/k/a DOUGLAS J. FILARDO
a/k/a DOUGLAS JOHN FILARDO

                                 Debtor
-----------------------------------------------------------X
STAR AUTO SALES OF QUEENS, LLC                          Adv Pro No.: 23-08054-reg
d/b/a STAR SUBARU

                                 Plaintiff

    against

DOUGLAS FILARDO

                                 Defendant
-----------------------------------------------------------X

## AMENDED COMPLAINT

Star Auto Sales of Queens, LLC, d/b/a Star Subaru ("Plaintiff") by and through its attorneys Berger, Fischoff, Shumer, Wexler & Goodman, LLP, and Milman Labuda Law Group PLLC alleges for its amended complaint (the "Complaint") against Douglas Filardo ("Debtor" or "Defendant") as follows:

### NATURE OF THE CASE

1. Plaintiff brings this adversary proceeding against Defendant seeking a determination by the Court (i) that, pursuant to 11 U.S.C. §§ 523(a)(2); (a)(4) and (a)(6), Plaintiff's claims against Defendant are non-dischargeable; and the Debtor should reimburse Plaintiff for the reasonable attorneys' fees and expenses incurred in this adversary proceeding; and for such other relief this Court decides is just and proper.

1

## JURISDICTION, VENUE AND FINAL ORDERS OR JUDGMENT

2. This adversary proceeding is related to *in re Douglas Filardo* a Chapter 7 currently pending in the United States Bankruptcy Court for the Eastern District of New York under Case Number: 23-71732(reg).

3. The Court has jurisdiction to consider the Complaint under 28 U.S.C. §§157 and 1334, and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011.

4. Venue is proper pursuant to 28 U.S.C. §1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I)(J).

6. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to entry of final orders or judgments by this Court.

## THE PARTIES

7. Plaintiff, Star Auto Sales of Queens, LLC ("Star"), is a New York Limited Liability Company located at 206-26 Northern Boulevard, Bayside, New York 11361 and operates a Subaru car dealership including car sales, service and parts.

8. Defendant, Douglas Filardo, is the Debtor in this Chapter 7 proceeding and resides at 27 Montauk Highway, Westhampton, New York 11977.

## BACKGROUND

9. On December 15, 2017 Plaintiff commenced an action in the Supreme Court for the State of New York, Queens County Commercial Division (Index No: 717433/2017) against the Debtor, alleging that the Debtor engaged in a scheme of wrongful conduct, spanning

2

approximately four years including breach of fiduciary duty, breach of duty of loyalty, embezzlement, violation of the faithless servant doctrine, aiding and abetting of fraud, fraudulent concealment by fiduciary, fraud and deceit, and fraud by nondisclosure among other activity including the outright theft of cash of $378,157.08 and the theft by a scheme to defraud for an amount, in excess of $1,419,000.00 (the "State Court Action"). This conduct all occurred while the Debtor was employed by Plaintiff in a position of trust in a fiduciary capacity.

10. On May 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the United State Bankruptcy Code.

11. The Debtor filed its petition on the eve of a rescheduled hearing in the State Court Action to assess damages, after the Debtor's answer had been stricken by the Court because of the Debtor's willful and contemptuous conduct, because he failed, for over one year, to appear for a deposition in violation of Court Orders. The result of having the Answer stricken is that the Debtor admitted the truth of all allegations in the State Court Action. The Debtor had previously filed a Chapter 13 on the eve of the damages hearing, the first time it was scheduled in September 2021 (Case No: 21-71691-reg filed September 27, 2021 and dismissed on March 8, 2022) after his motion for a stay of the damages hearing was denied.

## BACKGROUND FACTS AS TO ALL COUNTS

12. As the sales manager, Filardo specifically oversaw sales operations of Star Subaru since it began operating in or around March 2006 until he quit in or around November 2017.

13. From in or around March 2006 until Filardo's last day of work, he worked in Star's new car showroom.

14. As the sales manager, Filardo's was trusted with responsibility for overseeing all matters related to new and used car sales, which included but was not limited to: (1) ordering

3

vehicles; (2) selling vehicles; (3) advertising; (4) hiring and firing of sales persons; (5) managing the sales force on a day-to-day basis and (6) reporting to ownership on an almost daily basis the status of all of the store's operations.

15. As the sales manager, Filardo was employed in a position of responsibility and trust by Plaintiff.

16. Over the course of his entire employment with Star, Filardo received over one million dollars ($1,000,000.00) in wages plus benefits.

17. From in or around March 2006 until he quit in or around November 2017, Filardo was paid by Star all wages and benefits he was due.

18. Filardo engaged in various types of illegal and improper conduct throughout his entire period of employment with Star, as set forth below.

## THEFT OF CASH

19. Filardo used an annual advance payment from Subaru of America, Inc. ("Subaru of America") to cover up the theft of cash deposits from Star customers from in or around 2014 until in or around 2017.

20. In or around each March during this period, Subaru of America issued an advance payment of approximately $130,000.00 to Star as part of a national program for all Subaru dealerships that started in or around 2013.

21. Filardo used this annual advance payment from Subaru of America to cover up the theft of cash from Star customers from 2014 until July 2017. Filardo kept cash that customers handed to Filardo to pay for deposits towards vehicle purchases instead of remitting the cash payments to Star. Then, Filardo concealed this theft by lying to Plaintiff's office staff, that the customers did not pay for their vehicles in full because the customers'

4

vehicles were damaged and Star would eventually get reimbursed by Subaru of America for the damage. The purported amount of damage to the customers' vehicles was typically the same amount as the customers' cash deposits they handed to Filardo and was typically whole numbers (i.e. no cents).

22. Filardo intentionally, improperly, and wrongfully concealed the advance payment by accounting for it under "Service and Parts Receivables." Such monies were in no way payment for or related to "Service and Parts."

23. At some point during each year, Filardo utilized the advance payment from Subaru of America to conceal the debt created by the cash deposits stolen by Filardo during the previous year.

24. Filardo's unlawful theft concealed by the advance payment money from Subaru of America to Star, and conversion and embezzlement of customer deposits totaled approximately $378,157.08 from in or around 2014 through in or around July 2017.

## MOTOR SPORTS ADVERTISING

25. As another method of defrauding Star during his employment, from in or around 2008 through in or around November 1, 2016, Filardo operated a sole proprietorship, Subaru Motorsports d/b/a Motorsports Advertising ("Motorsports Advertising"), under the alias surname "FILARDO", solely for the purpose of receiving ill-obtained payments from Star.

26. Filardo as Plaintiff's sales manager, was responsible for hiring advertising vendors.

27. During Filardo's employment with Star, Star was not aware that Motorsports Advertising was Filardo's sole proprietorship.

28. Filardo, with the help from his wife, Francine Filardo, opened a bank account for Motorsports Advertising with JP Morgan Chase ("Chase").

29. During Filardo's employment with Star, Plaintiff was under the impression that it was receiving advertising services from Motorsports Advertising. However, Motorsports Advertising provided no advertising to Star. In fact, Motorsports Advertising was not an advertising business according to Filardo's deposition testimony.

30. The mailers that Plaintiff received from Motorsports Advertising were merely samples that were never actually mailed out to potential customers.

31. Filardo did not even create the fake mailing samples. Instead, he hired New Vision Advertising to make them and used the invoices New Vision Advertising issued Motorsports Advertising as templates for the fake invoices Filardo created and provided to Plaintiff on behalf of Motorsports Advertising.

32. Filardo hand delivered these fake invoices to Star's office employees. Star paid these invoices by issuing checks to Motorsports Advertising.

33. Filardo's unlawful theft, embezzlement and fraud which was concealed through the use of Filardo's intentional misrepresentations, fraud and through his alter ego Motorsports Advertising, totaled approximately $1,419,874.83.

### FIRST CAUSE OF ACTION – THEFT OF CASH
### NON-DISCHARGEABILITY 11 U.S.C. §523(a)(2)

34. Plaintiff repeats the allegations of paragraphs "1" through "38" of this Complaint as if set forth at length herein.

35. Filardo stole $378,157.08 from Star.

36. Filardo obtained money, property and services from Star by false pretense, false representation, and actual fraud.

37. Defendant Filardi was employed as a Manager at Star in a position of trust and confidence.

38. As an employee of Star, Defendant Filardo owed Plaintiff a fiduciary duty of loyalty and honesty.

39. Defendant Filardo aforesaid conduct constitutes a breach of the fiduciary duty owed to Plaintiff.

40. As a consequence of Defendant Filardo's forgoing intentional breach of his fiduciary duty to Star, Plaintiff has been injured, for which Plaintiff is entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount of not less than $378,157.08 may warrant.

## SECOND CAUSE OF ACTION – THEFT OF CASH
## NON-DISCHARGEABILITY 11 U.S.C. §523(a)(4)

41. Plaintiff repeats the allegations of paragraphs "1" through "45" of this Complaint as if set forth at length herein.

42. Filardo stole $378,157.08 from Star.

43. Filardo obtained money from Star by fraud, defalcation and embezzlement while acting in a fiduciary capacity.

44. As a management employee of Star, Defendant Filardo owed Plaintiff a fiduciary duty of loyalty and honesty.

45. Through a fraudulent scheme, Filardo stole, converted and embezzled $378,157.08.

46. Defendant Filardo aforesaid conduct constitutes a breach of the fiduciary duty owed to Plaintiff.

47. As a consequence of Defendant Filardo's forgoing fraud, willful and intentional breach of his fiduciary duty to Star, Plaintiff has been injured in the amount of $378,157.08, for which Plaintiff is entitled to recover damages including but not limited to financial loss, compensatory and special damages, interest and punitive damages in an amount of not less than $378,157.08.

## THIRD CAUSE OF ACTION – THEFT OF CASH
## NON-DISHARGABILITY 11 U.S.C. §523(a)(6)

48. Plaintiff repeats the allegations of paragraphs "1" through "52" of this Complaint as if set forth at length.

49. Filardo caused willful and malicious injury to the Star.

50. Defendant Filardo was employed by Star in a management position of trust and confidence.

51. Defendant Filardo owed Plaintiff a duty of loyalty and honesty.

52. Defendant Filardo's willful malicious and intentional and fraudulent conduct caused malicious injury to Star in an amount not less than $378,157.08.

53. As a consequence of Defendant Filardo's actions Plaintiff has been injured, for which Plaintiff is entitled to recover damages including but not limited to financial loss, compensatory and special damages, interest and punitive damages in an amount not less than $357,157.08.

## FOURTH CAUSE OF ACTION – THEFT OF ADVERTISING FUNDS
## NON-DISCHARGEABILITY 11 U.S.C. §523(a)(2)

54. Plaintiff repeats the allegations of paragraphs "1" through "58" of this Complaint as if set forth at length herein.

55. Defendants obtained through false pretenses, false representation and actual fraud money, property and services in an amount of not less than $1,419,874.83.

56. Defendant individually and through his instrumentality and or alter ego through false pretenses, false representations and actual fraud engaged in a fraudulent scheme to overbill Star the advertisement money from Star.

57. Defendant as proponent of this scheme intentionally and maliciously aided the scheme by using Motorsports Advertising as an intermediary company between Star and New Vision Advertising.

58. Plaintiff was unaware of Defendants' fraudulent conduct.

59. Plaintiff reasonably relied upon Defendant's false pretenses and false representations.

60. Defendants' false pretenses, false representations and fraud caused the Plaintiff's losses.

61. Thus, as a direct and proximate cause of Defendants' intentional, willful and fraudulaent action, Plaintiff has suffered losses not less than at least approximately $1,419,874.83.

## FIFTH CAUSE OF ACTION – THEFT OF ADVERTISING FUNDS
## NON-DISCHARGEABILITY 11 U.S.C. §523(a)(4)

62. Plaintiff repeats the allegations of paragraphs "1" through "66" of this Complaint as if set forth at length herein.

63. Defendant's stole $1,419,874.83 from Star.

64. Filardo obtained money from Star by fraud, defalcation and embezzlement while acting

9

in a fiduciary capacity.

65. As a management employee of Star, Defendant Filardo owed Plaintiff a fiduciary duty of loyalty and honesty.

66. Through a fraudulent scheme, Filardo stole, converted and embezzled $1,419,874.83.

67. Defendant Filardo aforesaid conduct constitutes a breach of the fiduciary duty owed to Plaintiff.

68. As a consequence of Defendant Filardo's forgoing intentional breach of his fiduciary duty to Star, Plaintiff has been injured in the amount of not less than $1,419,874.83, for which Plaintiff is entitled to recover damages including but not limited to financial loss, compensatory and special damages, interest and punitive damages.

### SIXTH CAUSE OF ACTION – THEFT OF ADVERTISING FUNDS NON-DISHARGABILITY 11 U.S.C. §523(a)(6)

69. Plaintiff repeats the allegations of paragraphs "1" through "73" of this Complaint as if set forth at length.

70. Filardo's scheme to steal advertising funds from Star caused a loss of $1,419,874.83.

71. Filardo caused willful and malicious injury to the Star.

72. Defendant Filardo was employed by Star in a management position of trust and confidence.

73. Defendant Filardo owed Plaintiff a duty of loyalty and honesty. By virtue of these duties, Defendant Filardo was prohibited from acting in a disloyal manner, or in any way inconsistent with the employment relationship.

74. Defendant Filardo's willful and intentional conduct of the duty of loyalty owed to Plaintiff caused malicious injury to Star in an amount not less than $1,419,874.83.

75. As a consequence of Defendant Filardo's actions Plaintiff has been injured, for which Plaintiff is entitled to recover damages including but not limited to financial loss, compensatory and special damages, interest in an amount not less than $1,419,874.83..

### SEVENTH CAUSE OF ACTION – FAITHLESS SERVANT
### NON-DISCHARGEABILITY 11 U.S.C. §523(a)(2), (a)(4) and (a)(6)

76. Plaintiff repeats the allegations of paragraphs "1" through "80" of the Complaint as if set forth at length herein.

77. Defendant Filardo was employed as a manager by Star in a position of trust and confidence.

78. Defendant Filardo owed Plaintiff a duty of loyalty, honesty and fidelity. By virtue of these duties, Defendant Filardo was prohibited from acting in a disloyal manner, or in any way inconsistent with that trust relationship.

79. Pursuant to the faithless servant doctrine, Defendant Filardo was obligated to be loyal to Star and was prohibited from acting in a manner inconsistent with his agency or trust and was bound to exercise the utmost good faith and loyalty in the performance of their duties.

80. Filardo obtained money, property and services by false pretense, false representations and actual fraud specifically salary and benefits of at least $1,702,892.49.

81. Defendant Filardo's aforesaid conduct constitutes conduct rising to the level of a cause of action pursuant to the faithless servant doctrine.

82. Defendant Filardo's activity was related to the performance of his duties.

83. Defendant Filardo's disloyalty permeated his services in its most material and substantial part.

84. As a consequence of Defendant Filardo's conduct, which constitutes a cause of action pursuant to the faithless servant doctrine, Plaintiff has been injured, which Plaintiff is entitled to recover damages including but not limited to the return of wages, bonuses and other compensation paid to Defendant Filardo, financial loss, compensatory and special damages, interest in an amount not less than $1,701,892.49 which should be deemed non dischargeable under 11 U.S.C. 523 (a)(2), (a)(4) and (a)(6).

**WHEREFORE**, Plaintiff respectfully requests that this Court determine that

(1) On the First Cause of Action, Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. §523(a)(2) in the amount not less than $378,157.08

(2) On the Second Cause of Action, Plaintiff' claim against Defendant is non-dischargeable pursuant to 11 U.S.C. §523(a)(4) in the amount not less than $378,157.08

(3) On the Third Cause of Action, Plaintiff's claim against Defendant is non-dischargable pursuant to 11 U.S.C. §523(a)(6) in the amount not less than $378,157.08.

(4) On the Fourth Cause of Action, Plaintiff's claim against Defendant is non-discharbeable pursuant to 11 U.S.C. 523(a) in the amount not less than $1,419,874.83.

(5) On the Fifth Cause of Action, Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. 523(a)(4) in the amount not less than $1,419,874.83.

(6) On the Sixth Cause of Action Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. 523(a)(6) in the amount not less than $1,419,874.83.

(7) On the Seventh Cause of Action Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. 523(a)(2), (a)(4) and (a)(6) in an amount not less than $1,701,892.49.

Dated: September 20, 2023
Syosset, New York

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Attorneys for Star Auto Sales of Queens, LLC*

_____
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791


MILMAN, LABUDA LAW GROUP
*Attorneys for Star Auto Sales of Queens, LLC*

_____
Joseph M. Labuda, Esq.
3000 Marcus Avenue, Suite 3WB
Lake Success, New York 11042