UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                                                          Chapter 7
Doulgas Filardo
a/k/a Douglas J. Filardo                                               Case No.: 23-71732-reg
a/k/a Douglas John Filardo,
                          Debtor(s).
-----------------------------------------------------X
Star Auto Sales of Queens LLC
d/b/a Star Subaru,                                                         Adversary Proceeding
                       Plaintiff(s),              Number 23-08054-reg

     -against-                                                        **ANSWER**

Douglas Filardo,
                       Defendant(s).
-----------------------------------------------------X

       Defendant, Douglas Filardo, by his attorneys, Phillips, Artura & Cox, as and for his Answer to the Amended Complaint dated September 20, 2023, respectfully alleges:

       1.     Defendant neither admits nor denies the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION, VENUE AND FIANL ORDERS OR JUDGMENT

       2.     Defendant admits the allegations contained in paragraph 2 of the Complaint.

       3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

       4.     Defendant admits the allegations contained in paragraph 4 of the Complaint.

       5.     Defendant admits the allegations contained in paragraph 5 of the Complaint.

       6.     Defendant admits the allegations contained in paragraph 6 of the Complaint and also consents to entry of final orders or judgments by this court.

### THE PARTIES

       7.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

## BACKGROUND

9. Defendant admits the commencement of the state action but denies the allegations contained in paragraph 9 of the Complaint to the extent that all such state court allegations were baseless and unproven in the state court.

10. Defendant admits the allegations contained in paragraph 10 of the complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint as to the filing of his bankruptcy but denies each and every other allegation in paragraph 11. No judgment was entered in the state court action.

## BACKGROUND FACTS AS TO ALL COUNTS

12. Defendants admit the allegations contained in paragraph 12 of the Complaint to the extent that he was Plaintiffs sales manager during the alleged and approximate time periods.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint to the extent that one of the places he worked was Star's new car showroom.

14. Defendant denies sufficient knowledge or information to form a belief as to the Plaintiff's belief in the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint to the extent that no fiduciary relationship existed between the parties.

16. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant neither admits nor denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

## ALLEGED THEFT OF CASH

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

## MOTORSPORTS ADVERTISING

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that part of his job duties was responsibility for certain hirings as alleged in paragraph 26 of the Complaint and denies any wrongdoing in completing such duties.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations of Plaintiff's "impressions" as contained in paragraph 20 of the Complaint and Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION

34. Defendant repeats and realleges the answers to paragraphs 1 through 33 of the

Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant admits being an employee and denies the remaining allegations contained in paragraph 37 of the Complaint to the extent that a fiduciary relationship did not exist between the parties.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint to the extent that a fiduciary relationship did not exist between the parties.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint to the extent that a fiduciary relationship did not exist between the parties.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint to the extent that a fiduciary relationship did not exist between the parties and denies that any damages whatsoever were suffered by the Plaintiff Star due to any conduct of the Defendant Filardo.

## SECOND CAUSE OF ACTION

41. Defendant repeats and realleges the answers to paragraphs 1 through 40 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint and denies that a fiduciary relationship existed between the parties.

44. Defendant admits to being an employee but denies the remaining allegations contained in paragraph 44 of the Complaint and denies that a fiduciary relationship existed between the parties.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint. and denies that a fiduciary relationship existed between the parties.

47. Defendant denies the allegations contained in paragraph 48 of the Complaint.

### THIRD CAUSE OF ACTION

48. Defendant repeats and realleges the answers to paragraphs 1 through 47 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant admits he was employed by Star but denies the allegations contained in paragraph 50 of the Complaint alleging that a fiduciary relationship existed between the parties.

51. Defendant admits he was employed by Star but denies the allegations contained in paragraph 51 of the Complaint alleging that a fiduciary relationship existed between the parties.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

### FOURTH CAUSE OF ACTION

54. Defendant repeats and realleges the answers to paragraphs 1 through 53 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint as there was no fraudulent conduct to be aware of.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint as there were no false pretenses or false representations to be relied on.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint as there were no false pretenses or false representations to be relied on.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

## FIFTH CAUSE OF ACTION

62. Defendants repeat and reallege the answers to paragraphs 1 through 61 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint and denies that a fiduciary relationship existed between the parties.

65. Defendant admits he was an employee as alleged in paragraph 65 of the Complaint but denies that a fiduciary relationship existed between the parties.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint and denies that a fiduciary relationship existed between the parties.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

## SIXTH CAUSE OF ACTION

69. Defendant repeats and realleges the answers to paragraphs 1 through 68 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant admits he was an employee as alleged in paragraph 72 of the Complaint but denies that a fiduciary relationship existed between the parties.

73. Defendant admits he was an employee as alleged in paragraph 73 of the Complaint but denies that a fiduciary relationship existed between the parties.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint and denies that a fiduciary relationship existed between the parties.

75. Defendant denies the allegations contained in paragraph 70 of the Complaint.

## SEVENTH CAUSE OF ACTION

76. Defendant repeats and realleges the answers to paragraphs 1 through 75 of the Complaint.

77. Defendant admits he was an employee as alleged in paragraph 77 of the Complaint but denies that a fiduciary relationship existed between the parties.

78. Defendant admits he was an employee as alleged in paragraph 78 of the Complaint but denies that a fiduciary relationship existed between the parties.

79. The allegations in paragraph 79 of the Complaint state legal conclusions for which no response is required. To the extent a response is required; the Defendant denies the allegations therein.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 that he was disloyal and denies the balance of the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

85. Failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

86. This action is time barred as it violates New York's Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

87. The court lacks Personal Jurisdiction

## FOURTH AFFIRMATIVE DEFENSE

88. Insufficient Process.

## FIFTH AFFIRMATIVE DEFENSE

89. Insufficient Service of Process.

## SIXTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred by the doctrine of laches.

**WHEREFORE,** Defendant respectfully prays for an entry of an order or judgment dismissing the Amended Complaint in its entirety, for an award of costs and attorneys' fees against the Plaintiff, and for such other and proper relief as this Court may deem just, proper, and equitable.

Dated: September 27, 2023
      Lindenhurst, New York

            Phillips, Artura & Cox

            By: <u>S/Richard F. Artura, Esq.</u>
            Richard F. Artura, Esq.
            Attorneys for the Defendant
            165 South Wellwood Avenue
            Lindenhurst, NY 11757
            (631) 226-2100
            RArtura@Pwqlaw.com